**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND**

| | |
|---|---|
| **UNITED STATES OF AMERICA** | |
| **v.** | **Case No.: JRR-25-00066** |
| **FABRITIO SARDARU,** | |
| *Defendant.* | |

**MEMORANDUM AND ORDER**

Pending before the court is *pro se* Defendant Fabritio Sardaru's Motion to Add a Term of Supervised Release (ECF No. 135), which the court construes as a motion for sentence modification pursuant to 18 U.S.C. § 3582. The court has reviewed all papers; no hearing is necessary.

Sardaru requests that the court modify his sentence of 24 months' incarceration to add a term of supervised release in order that he may seek to avail himself of "time credits" available under the First Step Act to incarcerated persons who complete certain Bureau of Prisons programs. In short, adding a period of supervised release to Sardaru's sentence may entitle him to release from incarceration prior to the 24-month term imposed by the court. Importantly, at sentencing, the court expressly declined to impose a term of supervised release in accordance with United States Sentencing Guidelines § 5D1.1(c), which provides that the "court ordinarily should not impose a term of supervised release in a case in which supervised release is not required by statute and the defendant is a deportable alien who likely will be deported after imprisonment." USSG § 5D1.1(c).

1

Sardaru is subject to a final order of removal to Romania, issued October 23, 2006 (ECF No. 141-1.)  Further, Sardaru fails to indicate that he exhausted administrative remedies in advance of filing his motion and does not present extraordinary or compelling circumstances.  18 U.S.C. § 3582(c)(1)(A).  Effectively, he merely wants to be released earlier.  While understandable, absent more, such a desire does not present cognizable grounds for modification of a sentence.[1]

The Motion to Add a Term of Supervised Release at ECF No. 135 is **DENIED**.  Madam Clerk shall transmit a copy of this memorandum and order to Defendant Sardaru.

/S/

_____

July 7, 2026

Julie R. Rubin
United States District Judge

---

[1] In support of his request, Sardaru cites cases from the Eastern District of New York and the Districts of New Hampshire and Minnesota.  (ECF No. 135 at p. 5.)  Those cases are not binding on this court.  Moreover, in the cases out of the District of New Hampshire, *United States v. Oprea*, Case. 11-cr-64-1-SM, 2023 WL 6958690 (D.N.H. Oct. 20. 2023), and the Eastern District of New York, *United States v. Perez Sanchez*, Case No. 16-CR-661-1 (ARR), 2024 WL 1069884 (E.D.N.Y. Mar. 12, 2024), the courts expressly found the defendants were not subject to orders of removal.  The case out of the District of Minnesota, *United States v. Nunez-Hernandez*, Case File No. 14-20(8) (MJD), 2023 WL 3166466 (D. Minn. Apr. 27, 2023), omits to mention whether the defendant was subject to a final order of removal.  The court does not find these cases persuasive here.